UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

OWEN C. HOLT,

                Plaintiff,

      v.

ROADWAY PACKAGE SYSTEMS, INC.
(FXG),

                Defendant.
_____

DECISION & ORDER

04-CV-6244L

        Plaintiff in the above-captioned matter has filed a *pro se* Complaint pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17. (Docket # 1). Plaintiff has applied to this Court for the appointment of counsel pursuant to 42 U.S.C. § 2000e-5(f)(1), which provides that counsel may be appointed "in such circumstances as the court may deem just." (Docket # 14).

        It is clear that assignment of counsel is within the court's discretion. *Jenkins v. Chemical Bank*, 721 F.2d 876 (2d Cir. 1983). The factors to be considered in deciding whether or not to assign counsel were set forth by the Second Circuit in *Jenkins* and include consideration of the following matters: the plaintiff's ability to afford a private attorney; the efforts taken by the plaintiff to obtain a lawyer; the availability of counsel in the geographic area and the plaintiff's possible skill or lack thereof in obtaining such help; examination of the merits of the plaintiff's case (according appropriate weight to the conclusion of the Equal Employment Opportunity Commission (the "EEOC")); plaintiff's ability to gather and present crucial facts; and the complexity of the legal issues raised in the complaint. *Id*. at 880.

The court must consider the issue of appointment carefully because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and [the] chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

In the instant case, plaintiff has failed to demonstrate adequately a need for appointed counsel at this time.  Although plaintiff claims that he has been unable to obtain private counsel, he has described only minimal efforts to do so, and does not appear to lack the skills necessary to obtain such counsel.  Moreover, plaintiff has shown an ability to gather and present relevant information to the Court on his own behalf.  The Court also notes that there is a very limited number of local attorneys willing and able to handle employment discrimination cases on a *pro bono* basis.  *See Jenkins*, 721 F.2d at 880.  Based on this review, plaintiff's motion for the appointment of counsel (Docket # 14) is **DENIED** without prejudice at this time.  It is the plaintiff's responsibility, therefore, to retain an attorney or press forward with this action *pro se*. 28 U.S.C. § 1654.  In order to assist plaintiff in the litigation of this matter, the Clerk of the Court

is directed to send plaintiff a copy of the pamphlet "Pro Se Litigation Guidelines" and a copy of the Local Rules of Civil Procedure for the Western District of New York.

**IT IS SO ORDERED.**

                                              s/Marian W. Payson
                                              MARIAN W. PAYSON
                                              United States Magistrate Judge

Dated: Rochester, New York
       July  8 , 2005.